IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAULK, ET AL. | § | PLAINTIFFS |
| | § | |
| v. | § | CAUSE NO. 1:04CV97 |
| | § | |
| BALBOA INSURANCE CO., ET AL. | § | DEFENDANTS |

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR DEFAULT JUDGMENT**

THE MATTER BEFORE THE COURT is Plaintiffs' Motion for Default Judgment [55] and the response of Defendants Balboa Insurance Company, Newport Insurance Company, and Interbay Funding, LLC.  The Plaintiffs argue that default judgment should be entered in their favor because the each of the Defendants has "failed to comply with scheduling orders, have participated in bad faith during scheduling conferences, and exuded a pattern of total disregard for their professional responsibility and duty to this court."  Plaintiffs' chronology of events shows that the parties have repeatedly rescheduled depositions and have had to obtain an extension of the discovery deadline to complete an exchange of information and an Order to compel from the Court.  According to the Defendants' response, the exchange has now been accomplished, although counsel for the Defendants "readily admits that he could have been more diligent in assisting the plaintiffs' counsel in reconstructing his file lost in Hurricane Katrina."  Plaintiffs complain that any progress they have made in obtaining discover materials from the Defendants has come on the heels of a motion to compel or this motion for default judgment.

FED. R. CIV. P. 37(b)(2) authorizes the Court to render a default judgment against a party as a sanction for failure to comply with a discovery order.  In order to exercise its discretion in this manner, however, two criteria must be met.  *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir.

1998). First, the penalized party's discovery violation must be willful. *Id.* Also, the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect. *Id.*

In the Court's opinion, it would be an abuse of discretion to impose the requested sanction of a default judgment for these alleged discovery abuses. Plaintiffs have now obtained the materials and information they need to prosecute their case, and it appears to the Court that a lesser sanction could achieve the desired deterrent effect. Plaintiffs have only requested default judgment as a sanction, and the Court will not impose this sanction. However, any future discovery disputes should be brought to the attention of the magistrate judge for appropriate resolution, including sanctions if deemed merited.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Default Judgment [55] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of July, 2006.

                                                  s/ *Louis Guirola, Jr.*
                                                  LOUIS GUIROLA, JR.
                                                  UNITED STATES DISTRICT JUDGE