IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAULK, ET AL. | § | PLAINTIFFS |
| | § | |
| v. | § | CAUSE NO. 1:04CV97 |
| | § | |
| BALBOA INSURANCE CO., ET AL. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTIONS FOR SUMMARY JUDGMENT**

THE MATTERS BEFORE THE COURT are (1) the Motion of Newport Insurance Company and Balboa Insurance Company for summary judgment [51]; and (2) the Motion of Interbay Funding, LLC for summary judgment [52], both filed April 21, 2006. After reviewing the motions and the responses, it is the Court's opinion that the Defendants are entitled to judgment as a matter of law as to Plaintiffs' claims against them. Accordingly, the motions should be granted.

DISCUSSION

Plaintiffs Arthur and Becky Paulk ("Plaintiffs or the "Paulks") allege that they obtained a real estate loan in June 2001 from Defendant Interbay Funding, LLC ("Interbay"), secured by the property from which they operated their business, Ace Autoplex store, in Bay St. Louis, Mississippi. The Paulks paid the first annual premiums for flood insurance and general hazard insurance at the closing, with the subsequent annual premiums to be paid by Interbay out of an escrow account. However, the Paulks learned in September 2002 that the premiums had not been paid in June 2002, and the policies had lapsed. Tropical Storm Isidore was in the Gulf of Mexico at the time, limiting the Paulks' options for insurance to windstorm coverage through the Mississippi Windstorm Underwriters Association. The Paulks purchased this coverage. When Interbay discovered the lapse in flood insurance, it purchased flood coverage from Defendants

Newport Insurance Company ("Newport") and Balboa Insurance Company ("Balboa") for its own benefit.  This coverage was paid for out of the Paulks' escrow funds and made retroactive to the date on which the Paulks' policy lapsed.

When Tropical Storm Isidore came ashore, the Paulks sustained significant damage to their business.  In addition to damage to the roof and walls, a foot of water entered the building, undermining the slab foundation and forcing the Paulks to close the business for three months.  Although their claim for wind damage was paid by the Mississippi Windstorm Underwriters Association, the Paulks had no coverage for the flood and loss of business income damages they sustained.  Further, Interbay did not file a proof of claim in regard to the flood insurance it had obtained, and so no benefits were paid from that policy.  Paulks claim that Interbay was negligent in failing to pay the 2002 premiums for flood and hazard insurance on their business property.  They further claim that, as third-party beneficiaries to the flood insurance policy purchased by Interbay, they are entitled to payment for the flood damage to their business.

CLAIMS AGAINST BALBOA INSURANCE COMPANY:

Defendant Balboa Insurance Company asserts that it has no contractual relationship to the Plaintiffs and never issued a flood policy insuring the Plaintiffs' property.  (Exh. "B" to Balboa and Newport's Memo. in Supp. of Mot. for Summ. Judg.).  For this reason, and because there are no allegations in the complaint of any independent wrong committed by Balboa, it requests judgment as a matter of law.  Plaintiffs do not offer any contradictory argument or evidence.  Therefore, Balboa is entitled to judgment as a matter of law.

CLAIMS AGAINST NEWPORT INSURANCE COMPANY:

-2-

Newport asserts that the only policy of flood insurance ever issued by Newport relating to the Plaintiffs' business property was the "single interest, force placed policy issued to Interbay Funding, LLC, effective February 22, 2002, as insured. (Exh. "B" to Balboa and Newport's Memo. in Supp. of Mot. for Summ. Judg.). Newport argues that the Paulks can have no recovery under the policy because they were not "insureds." The policy was purchased to protect Interbay's interests in the property as mortgagee, and it is the only named insured. Further, even if they were insureds, the Paulks did not file a sworn proof of loss within 60 days of the loss, extinguishing any possibility of recovery under the policy. (Balboa and Newport's Memo. in Supp. of Mot. for Summ. Judg., pg. 5). In reply, the Paulks assert that they are entitled to bring this action against Newport and recover under the policy because they are third-party beneficiaries.

*Are the Paulk's Third-Party Beneficiaries to the Flood Insurance Policy?*

The Mississippi Supreme Court has outlined the elements of a successful third-party beneficiary claim:

> In order for the third person beneficiary to have a cause of action, the contracts between the original parties must have been entered into for his benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties as shown by its terms. There must have been a legal obligation or duty on the part of the promisee to such third person beneficiary. This obligation must have a legal duty which connects the beneficiary with the contract. In other words, the right (of action) of the third party beneficiary to maintain an action on the contract must spring from the terms of the contract itself. No right against the contract promisor or promisee is acquired by a "mere incidental beneficiary."

*Rein v. Benchmark Const. Co.*, 865 So.2d 1134, 1146 (Miss. 2004) (citing *Hanberry Corp. v. State Bld'g Comm'n*, 390 So.2d 277, 279 (Miss. 1980) and *Trammell v. State*, 622 So.2d 1257, 1260 (Miss. 1993)).

The Court has been unable to locate any Mississippi case law directly applicable to the facts of this case. Plaintiffs' citation to *Wickline v. United States Fid. & Guar. Co.,* 530 So.2d 708, 714 (Miss. 1980) is not helpful, as the discussion in that case revolves around statutory definitions in the Mississippi Uninsured Motorist Act.

Nevertheless, there have been Mississippi cases which discuss the distinction between a third-party beneficiary and an incidental beneficiary. In *Miss. High Sch. Activities Ass'n, Inc. v. Farris*, 501 So.2d 393 (Miss. 1987), a high school basketball team was placed on probation and prevented from competing in a tournament. *Id*. Team members asked for an injunction to prevent the MHSAA from placing the team on probation, alleging that a contract existed with the school that prevented the MHSAA from levying sanctions against the team without notice. *Id.* The court found that the team members were incidental, rather than third-party beneficiaries of the contract. The notice provision directly benefitted the school, not the team members. *Id.* at 396. Similarly, in *Rein v. Benchmark Const. Co.*, 865 So.2d 1134 (Miss. 2004), relatives of a nursing home resident brought suit when she died after being attacked and bitten in her bed by fire ants. *Id.* The court found that the resident was an incidental, rather than a third-party beneficiary of a contract between a landscaping company and the nursing home. *Id.*, at 1147. The contract benefits flowed only to the nursing home, and there was no relationship created between the landscaping company and any resident of the nursing home. *Id.*

Defendant Newport directs the Court's attention to a Minnesota case, in which a homeowners insurance policy was force-placed. *Hickman v. Safeco Ins. Co. of Am., et al.* 695 N.W.2d 365 (Minn. 2005). The policy covered both personal and real property, and specifically provided for adjustment of all personal property losses directly with the borrowers and provided

that the borrowers also had rights in connection with the appraisal of any loss.  *Id.*, at 370-71.  Under those circumstances, the court held that the borrower was a third party beneficiary of the insurance policy.  *Id.*, at 371.

Defendant Newport points out that the policy at issue in this case has no coverage for personal property, no provision for payment of loss to the borrowers, and no right on the part of the borrowers to participate in any adjustment of a loss.  *(See* Flood Insurance Policy, Exh. "A" to Balboa and Newport's Memo. in Supp. of Mot. for Summ. Judg.).  For their part, the Paulks fail to provide any evidence of a legal obligation or duty to them on the part of Newport Insurance Company created by the insurance policy contract.  It appears that any benefit to the Paulks under this contract would be merely incidental, which is insufficient under Mississippi law to confer third-party beneficiary status.  Plaintiffs have therefore failed to show that there is a genuine issue of material fact for the jury regarding their status as third-party beneficiaries.  Furthermore, the Paulks do not dispute Newport's assertion that no sworn proof of loss was submitted within 60 days of the loss.  Thus, even if the Paulks were third-party beneficiaries of the insurance policy contract, they would be unable to recover because of this deficiency.  Therefore, Newport Insurance Company is entitled to judgment as a matter of law.

CLAIMS AGAINST INTERBAY FUNDING, LLC.:

The Paulks complain that Interbay was negligent in its handling of their insurance matters by failing to pay the hazard and flood insurance renewal premiums, and by failing to submit a sworn proof of loss to recover under the force-placed flood insurance policy or to instruct the Paulks to submit a proof of loss.

Interbay has provided evidence, in the form of Mr. Paulk's deposition, that the

arrangement for paying insurance premiums in 2002 was that the renewal notices would go to his agent, Mark Smith of the Paul Smith Insurance Agency, who would then bill the Paulks' escrow account with Interbay to receive the necessary funds, and then Smith would pay the premiums directly.  (Exh. "A" to Interbay's Reb. Memo).  Paulk further testified that both he and Mark Smith would receive any cancellation notices and Smith would call and notify the Paulks.  *Id.*  Mr. Paulk did not recall ever seeing a premium due or cancellation notice regarding either the flood or hazard insurance policy.  (Exh. "A" and "C" to Interbay's Reb. Memo).

In regard to the flood insurance, Interbay has provided a copy of the Notice of Non-Renewal sent to the Paul Smith Agency by the National Flood Insurance Program on July 8, 2002.  (Exh. "D" to Interbay's Reb. Memo).  According to the Notice, the Paulks' flood insurance policy would not be renewed because the original application was insufficient.  *Id.*  The policy had been issued based on tentative rates and could not be renewed.  *Id.*  The Paulks were required to submit a new application in order to receive a new flood insurance policy.  *Id.*  Mr. Paulk testified that the first time he saw this Notice was at his deposition.  (Exh. "E" to Interbay's Reb. Memo).  Mark Smith did not obtain a new application for flood insurance from the Paulks. (Exh. "E" to Interbay's Reb. Memo).

In regard to the hazard insurance, Mr. Paulk discovered his policy had lapsed when he visited Mark Smith to review his policies shortly before Tropical Storm Isidore struck.  (Exh. "H" to Interbay's Reb. Memo).  Mark Smith reviewed his files and discovered that although "many notifications had been sent to Interbay and phone calls," Interbay never sent a check for the premiums.  *Id.*  As a result, the insurance had lapsed approximately four months prior to Mr. Paulk's visit to his insurance agent's office.

To succeed on a claim for negligence, a plaintiff must prove duty, breach, causation and injury. *Meena v. Wilburn*, 603 So.2d 866, 869 (Miss. 1992). Duty and breach of duty are essential to finding negligence and must be demonstrated first. *Strantz v. Pinion*, 652 So.2d 738, 742 (Miss. 1995). Here, there has been no showing that Interbay had any duty to monitor the payment of Paulks' insurance premiums. According to the only evidence presented to the Court, the duty to ensure that the Paulks' property interests were covered by policies of insurance resided with someone other than the named defendants to this action.[1] Furthermore, it has not been shown that Interbay had any duty to the Paulks in regard to the flood policy purchased for Interbay's benefit. For these reasons, the Court must find that there is no question of material fact for the jury on the issue of Interbay's negligence. Accordingly, Interbay is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion of Newport Insurance Company and Balboa Insurance Company for summary judgment [51], pursuant to FED. R. CIV. P. 56, is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion of Interbay Funding, LLC for summary judgment [52], pursuant to FED. R. CIV. P. 56, is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 14th day of July, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court express no opinion on the merits of any quiescent claims against any person or entity not a party to this action.